## WILLIAM PASSWATERS v. CLOUDSBROUGHT WARREN.

Court of Common Pleas. November, 1794.

*Wilson's Red Book, 36.*

*Wilson, Hall* and *Peery* for defendant urged that the warrant, as it did not locate itself for the ground, could be only a chattel, a chose in action and nothing real, until it was laid, that the field works of William Polk not being signed by Shankland, the deputy surveyor, and seeing they also differ from the return which is since made, cannot avail the plaintiff to give him a right to the ground; and if they do not, he had no right at the time of the bringing of the action, for the return was made since the bringing of the action. That no trespass has been proved to have been committed by defendant, for the witness only proved his own trespass, for here all are principals, Gilb.Evid. 254. And none is guilty but he that acts.

*Batson* and *Miller* for plaintiff argued that a trespass was proved and said that Gilb.Evid. 254 had only allusion to trespass in a criminal respect, that the law was as stated upon indictments for trespass, but denied that it was so in a civil suit. That they had proved possession of the lands, which is sufficient in trespass, by proving a right to the whole, and plaintiff possessed of part, which was, they said, possession of the whole.

*N.B.* While *Miller* was arguing in conclusion, the Chief Justice told me by the fireside that he should not have argued the plaintiff's title as *Mr. Miller* was arguing it, for he would have shown that as a deed which is not good until enrolled, yet when enrolled operates by relation from the date thereof, so the return upon plaintiff's warrant, although not made until since the action was brought, might operate from the actual surveying the lands, that is from the date of the return. But in his direction, which I took

from his mouth, he did not mention this opinion, yet he evidently goes upon the supposition plaintiff's title was good at the commencement of the action, for he does not advert to the arguments on that head.

BASSETT, C. J. Gentlemen, this is an action of trespass. I shall think it my duty to declare the law to you; as to the facts, I leave them to you. There seems to be a contrariety of evidence; you will give the credit where the witnesses deserve it. As to the law, gentlemen, this is an action of trespass *vi* and *armis;* it is necessary for every plaintiff in such action to prove two of three things. He must either prove possession or general property (I suppose the judge meant to say "and a trespass"). If you think the plaintiff had possession of the lands previous to the commencement of his action, he must prove a trespass either in the whole or in some part of what he has declared for, but proof of the cutting of one tree is sufficient, and he must have damages accordingly. Plaintiff must prove he had possession of the premises, and so must every plaintiff in trespass *quare clausum fregit.* It has been said that it is necessary to prove the defendant the actual cutter; it is not the law, because any man might injure his neighbor by employing insolvent characters to go and cut down all the timber he had in the world. It is true in trespass the defendants are all principals if you prove them trespassers; if I bring an action against ever so many defendants, they are all principals if I prove them so. If you are in possession of a corner of my land for twenty years by adverse possession, you may snap your fingers at me. If possession has been twenty years against the plaintiff, he cannot recover. Suppose I have a right to one hundred acres, twenty acres of which is cleared and occupied and eighty acres is woods and unoccupied except for firing and wood etc., and no fence around the woodland, if another comes and cuts in my woods he is a trespasser, if he has not had an adverse possession. I have now declared the law to you, if you are of opinion that the lines of the lands extend as laid down upon the plot, you will find for the plaintiff, but, if you apprehend it is not so, you will give a verdict against him. If you are satisfied of the bounds and of the possession, and of a cutting by defendant, or somebody for him and by his direction, you will give a verdict for the plaintiff, otherwise you will find a verdict for the defendant.

Verdict for plaintiff and £3 damages.